**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Wagner Construction, Inc., and | ) | |
| HDDS, LLC, | ) | |
| | ) | |
|       Plaintiffs, | ) | **ORDER OF DISMISSAL** |
| | ) | |
|       vs. | ) | Case No. 1:22-cv-154 |
| | ) | |
| North Dakota State Water Commission, | ) | |
| | ) | |
|       Defendant. | ) | |

Before the Court is a stipulation of dismissal filed on September 27, 2023. See Doc. No. 20. The Court previously ordered the Plaintiffs to supplement the record with evidence establishing the citizenship of HDDS , LLC ("HDDS") in order that the Court might ascertain whether diversity was complete. See Doc. No. 17. The stipulation states, in part, that "HDDs is unable to make the requisite showing of domicile." See Doc. No. 20, ¶ 6. The stipulation contemplates the action between HDDS and the North Dakota State Water Commission will be dismissed pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure without prejudice. The stipulation further contemplates that the action between Wagner Construction, Inc. and the North Dakota State Water Commission would go forward. The stipulation necessarily assumes the removal of HDDS from the case will establish complete diversity. However, the dismissal of HDDS does not solve the problem.

Diversity of citizenship is determined at the time the action is filed. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004); Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc., 149 F.3d 794, 796 (8th Cir. 1998). "Diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action" or subsequent events provided the

subsequently added nondiverse party was not indispensable at the time the action was commenced. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991); Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 725 (8th Cir. 2001). The corollary to this rule is that "if diversity did not exist when the complaint was filed, it cannot be created by a change of domicile by one of the parties or some other event." Saadeh v. Farouki, 107 F.3d 52, 57 (D.C. Cir. 1997). "To determine jurisdiction, we look to the parties' status at the lawsuit's filing." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). "Subsequent actions do not affect the court's jurisdiction." Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 776 (5th Cir. 1986).

In the stipulation, the parties agree that complete diversity cannot be established as of the time of the filing of the complaint. The Court cannot proceed without subject matter jurisdiction. The only recourse is dismissal. The Court **ORDERS** the action be dismissed for lack of subject matter jurisdiction without prejudice and without attorney's fees, costs, or disbursements to any party.

**IT IS SO ORDERED.**

Dated this 28th day of September, 2023.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court